# Supreme Court of Louisiana

The Opinions handed down on the **18th day of October, 2017**, are as follows:

**BY JOHNSON, C.J.**:

2017-KK-0557      STATE OF LOUISIANA v. AVERY JULIEN (Parish of Orleans)

Having found the search in this case did not comply with the requirements of Article 895(A)(13)(a), we further hold the search constituted an unreasonable search and invasion of Mr. Julien's privacy under Article I, §5 of the Louisiana Constitution for the same reasons assigned this day in State v. Brignac, 17-448 (La. -
-/--/17), -- So. 3d. --. Thus, the evidence is properly excluded, and the district court correctly granted defendant's motion to suppress the evidence. See La. C.Cr. P. art. 703(C).
AFFIRMED AND REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

GUIDRY, J., concurs in the result.
CRICHTON, J., concurs and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2017-KK-0557**

**STATE OF LOUISIANA**

**VERSUS**

**AVERY JULIEN**

**ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT
COURT FOR THE PARISH OF ORLEANS**

**JOHNSON, Chief Justice**

The underlying issue in this case concerns the reasonableness of a warrantless search of a probationer's residence conducted by a multi-agency law enforcement task force. Specifically, we are called upon to determine whether the search violated Louisiana Code of Criminal Procedure Article 895(A)(13)(a), which provides as a condition of probation that the defendant agree "to searches of … his place of residence … at any time, by the probation officer … assigned to him, with or without a warrant … when the probation officer … has reasonable suspicion to believe that the person who is on probation is engaged in or has been engaged in criminal activity."

After review of the law and record, and considering the arguments of the parties, we hold that the warrantless search of defendant's residence violated the provisions of Article 895(A)(13)(a) because the search was not conducted by the probation officer assigned to him. We further find that violation of this statute constituted an unconstitutional search under Louisiana Constitution Article I, §5, requiring exclusion of the evidence pursuant to Louisiana Code of Criminal Procedure Article 703(C). Thus, we affirm the ruling of the district court which granted defendant's motion to suppress the evidence.

## FACTS AND PROCEDURAL HISTORY

The charges against defendant, Avery Julien, stem from a warrantless search of his residence on March 8, 2016. On that date, two officers from the New Orleans District of the Louisiana Department of Probation and Parole, James Bertrand and Jason Hardy, conducted a "compliance check" at defendant's home at 6:00 a.m. Officers Bertrand and Hardy were accompanied by officers from the New Orleans Police Department and the United States Marshals Gulf Coast Criminal Fugitive Task Force. Officer Bertrand testified that the compliance check was conducted in conjunction with the U.S. Marshals violence reduction operation, "Operation VR12."

After knocking on the door of Mr. Julien's residence for a period of time, someone opened the front door and the officers entered, secured the residence and were directed to Mr. Julien's bedroom, where Officers Bertrand and Hardy found Mr. Julien in bed with a female companion. The officers handcuffed Mr. Julien and the female and escorted them from the room. Then, while conducting a "protective sweep to make sure that there were no other individuals in the room," Officer Bertrand saw a live nine-millimeter round of ammunition on the windowsill. Upon locating the ammunition, the officers deemed they possessed "enough reasonable suspicion to conduct a search." Officer Hardy discovered a firearm in the drawer of the nightstand next to where Mr. Julien was sleeping. The search of the remainder of the residence yielded a second firearm and accompanying ammunition. Both weapons were determined to be stolen. Officers Bertrand and Hardy reported their discovery of the contraband to a U.S. Marshal on the scene, who then took over the investigation.

According to Officer Bertrand's testimony, neither he nor Officer Hardy were Mr. Julien's assigned probation officer. They were conducting compliance checks throughout the city as part of the Marshals task force and Mr. Julien was put on their

2

list by the probation department.

On April 5, 2016, the State filed a bill of information charging defendant with possession of a firearm by a convicted felon and illegal possession of a stolen firearm. Defendant filed various motions, including a motion to suppress the evidence. The district court held a hearing on November 3, 2016, and granted the motion to suppress. The district court found the officers who conducted the search did not have the ability to conduct a warrantless search under Article 895(A)(13)(a), noting the probation officers involved were not *assigned to* Mr. Julien's case.

The court of appeal denied the state's writ application with reasons. *State v. Julien*, 16-1223 (La. App. 4 Cir. 3/15/17), -- So. 3d --. The court explained that while any probation officer could presumably conduct a compliance check pursuant to La. C.Cr. P. art. 895(A)(4),[1] the agents' conduct in this case surpassed that contemplated by law when they entered Mr. Julien's bedroom and handcuffed both him and his female companion and escorted them out of the room before viewing the ammunition on the windowsill. *Id*. at p. 3. The court noted the state presented no evidence suggesting reasonable suspicion prior to assembling the law enforcement team to conduct the compliance check. *Id*. The court found that given the totality of the circumstances, the compliance check was unreasonably pretextual. The court reasoned:

> Agents Bertrand and Hardy should not have been in Mr. Julien's bedroom and thereby able to view the ammunition in plain sight. The legality of the search conducted thereafter was vitiated by the fact that neither Agent Bertrand, nor Hardy was assigned as Mr. Julien's probation officer, which triggered La. C.Cr.P. Art. 895(13)(a). Once implicated, La. C.Cr.P. Art. 895(13)(a) requires that the warrantless search be conducted by the probation officer assigned to Mr. Julien. It

---

[1] La. C.Cr. P. art. 895(A)(4) provides: "When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following. That the defendant shall: (4) Permit the probation officer to visit him at his home or elsewhere."

is undisputed that the probation officer assigned to Mr. Julien was not present.

*Id*. at p. 4. The court of appeal found the district court did not abuse its discretion in granting the motion to suppress. *Id.* at p. 5. Judges Ledet and Dysart concurred in the writ denial, finding the probation officers' compliance check crossed the line to a warrantless probation violations search. As such, the state was required to establish there was a reasonable suspicion that criminal activity was occurring, but failed to do so.

On the state's application, we granted supervisory review and consolidated this case for argument with *State v. Brignac*, 17-0448 (La. 5/12/17), 219 So. 3d 1107, decided in a separate opinion issued contemporaneously with this matter. *State v. Julien*, 17-0557 (La. 5/12/17), 219 So. 3d 1107.

## DISCUSSION

For the reasons assigned this day in *State v. Brignac*, 17-448 (La. 10/18/17), -- So. 3d. --, we hold La. C.Cr. P. art. 895(A)(13)(a) requires a warrantless search of a probationer be conducted by the particular probation officer who is generally and regularly assigned to a particular probationer. We further hold this is a factual determination to be made by the district court.

Here, the district court made a finding that the search was not conducted by the probation officer assigned to Mr. Julien as required by Article 895(A)(13)(a). After review of the record, we find no error in that ruling. As a general rule, this court reviews district court rulings under a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a *de novo* standard of review. *State v. Hunt*, 09-1589 (La. 12/1/09), 25 So. 3d 746, 751. When a district court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not

4

overturn those findings unless there is no evidence to support those findings. *Id*.

The only evidence relative to this issue was presented via the testimony of Officer Bertrand:

| | |
|---|---|
| Q (State): | Agent Bertrand, will you please introduce yourself for the record, sir? |
| A (Bertrand): | James Bertrand, Louisiana Department of Probation and Parole, New Orleans District. |

\*\*\*

| | |
|---|---|
| Q: | Agent Bertrand, March the 8th of 2016, were you working by yourself or with any other probation and parole officers? |
| A: | I was working with one other probation and parole officer, Jason Hardy. |
| Q: | Okay. And, what was your assignment on that date? |
| A: | We were with the Marshals, or Operation VR12, Violence Reduction … We were just doing compliance checks throughout the city. |
| Q: | Okay. And, an Avery Julien was registered with Probation and Parole in Orleans Parish? |
| A: | Yes. |

\*\*\*

| | |
|---|---|
| Q: | Were you the assigned officer, or was Hardy? |
| A: | Neither one of us was. He was just put on our list by the Department. |

Officer Bertrand was also questioned directly by the court regarding this issue:

| | |
|---|---|
| Q (Court): | And, this has come up before, and I have to ask. You quoted 895(A)(13), where you said that someone on probation and parole subjects himself to a search of his residence … when the officer has reasonable suspicion. |
| A (Bertrand): | Yes, sir. |
| Q: | You also testified that you weren't the probation officer assigned to the case, nor was your partner? |
| A: | Correct. |

5

Q:              All right. My problem and concern … is that the statute says … that a probationer agrees to a search of his person, his property, his place of residence, his vehicle or his personal effects, or any and all of them at any time by the probation officer … assigned to him with [or] without [a] warrant when the probation officer … has reasonable suspicion to believe that the person who is on probation … is engaged or has been engaged in criminal activity.

This is obviously a way around a warrant requirement, and the statute seems to understand that and so limits this only to the probation officer assigned to him.

What legal authority do you, as an agent who is not assigned to the case but for to go out with U.S. Marshals, have to conduct a warrantless search?

A:              The opinion of the Department as it has always been explained is that the language had never been changed but is that they don't technically belong to any one officer. They are, you know, they are all charges of the Department of Corrections, and that's the way that it has always been.

***

In granting the motion to suppress, the district court stated:

I'm saying that as I read the statute that they cannot enter the house and conduct a warrantless search, be it walk into the house in the first place, unless … the agent that is assigned to the case is there with reasonable suspicion to believe that a crime is committed, or is being committed, or has been committed.

***

If you read the case law that exists … it is because they are obviously making an attempt to make sure that this isn't used [as] a reach around or an end around to the warrant requirement. I mean, what the officer said is, "I am not assigned to this case." The agent that he was with wasn't assigned to this case. He said he was with the U.S. Marshals, which means that they are conducting something above and beyond an actual status check, that wouldn't be with an outside law enforcement agency if they didn't have ulterior reasons. And, then, they are just basically doing an end [around the] warrant requirement by having a probation officer, regardless of who it is and regardless of whether or not they are assigned to the case as a means to get into that house without a warrant.

Based on our review of the record in this case, we find no error in the district court's

ruling. Given Officer Bertrand's unequivocal testimony, there is no question neither

he nor Officer Hardy was assigned to Mr. Julien within the meaning of Article 895(A)(13)(a). It is clear these probation officers were assigned to conduct "compliance checks" of probationers as part of a U.S. Marshals task force, and Mr. Julien was a probationer who happened to be placed on their list. Officer Bertrand's testimony also reflects the probation department's inherent misunderstanding that the law allows *any* probation officer to conduct these searches.[2]

We also reject the state's contention that this was not a "search," but merely a "walk through" inspection during a home visit to confirm defendant's residence. It is clear based on the record that the probation officers went to defendant's residence as part of a federal violence reduction task force consisting of multiple law enforcement agencies. The presence of such a task force alone belies any suggestion that the officers did not intend to conduct a search of Mr. Julien's residence. The officers' actions went far beyond a routine check or inspection to confirm residence normally conducted by the probation department. Notably, the visit did not end when the officers located defendant in his residence. Rather, officers handcuffed the defendant immediately, removed him from the room and then conducted a protective sweep. Under the facts presented, we find the district court correctly viewed the officers' actions as a search governed by La. C.Cr. P. art. 895(A)(13)(a).

Having found the search in this case did not comply with the requirements of Article 895(A)(13)(a), we further hold the search constituted an unreasonable search and invasion of Mr. Julien's privacy under Article I, §5 of the Louisiana Constitution for the same reasons assigned this day in *State v. Brignac*, 17-448 (La. 10/18/17), -- So. 3d. --. Thus, the evidence is properly excluded, and the district court correctly

---

[2] Because we have determined the search of Mr. Julien's residence violated La. C.Cr. P. art. 895(A)(13)(a) on the basis it was not conducted by the probation officer assigned to him, we need not reach the issue of whether "reasonable suspicion" existed for the search.

7

granted defendant's motion to suppress the evidence. *See* La. C.Cr. P. art. 703(C).

## DECREE

**AFFIRMED AND REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

# SUPREME COURT OF LOUISIANA

## No. 2017-KK-0557

## STATE OF LOUISIANA

## VERSUS

## AVERY JULIEN

## ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

**GUIDRY, J.,** concurs in the result.

10/18/2017

SUPREME COURT OF LOUISIANA

No. 2017-KK-0557

STATE OF LOUISIANA

VERSUS

AVERY JULIEN

ON SUPERVISORY WRITS TO THE CRIMINAL DISTRICT
COURT FOR THE PARISH OF ORLEANS


CRICHTON, J., concurs and assigns reasons

I concur in majority opinion's finding in this case for the reasons stated in my

concurrence in *State v. Kayla Brignac*, 17-0448 (La. 10/18/17), __ So.3d __.